## LASER v. FORBES.

### Opinion delivered July 11, 1910.

SALE OF LAND—BREACH OF VENDOR'S AGREEMENT—DAMAGES.—Where the vendor of land agreed to expend one-fourth of the purchase money in making certain improvements upon the property and failed to do so, the vendee in an action for breach thereof will be entitled to recover as damages not the purchase money which he had paid, but the amount which the property was injured by reason of the breach of contract.

Appeal from Garland Circuit Court; *W. H. Evans*, Judge; reversed.

*S. W. Leslie*, for appellant.

Contradictory instructions should not be given. 83 Ark. 205; 72 Ark. 41; 91 Ill. 63; 34 Ia. 375. They are calculated to confuse the jury. 95 Ill. 383. The jury have no right to indulge in conjectures not supported by evidence. 71 Ill. 391.

*C. Floyd Huff*, for appellee.

The failure of one party to comply with a contract releases the other. 65 Ark. 320; 64 Ark. 228; 67 Ark. 156; 22 Ark. 258; 38 Ark. 174.

BATTLE, J. William O. Forbes sued David Laser for damages. He alleged in his complaint that he entered into a contract with the defendant on the 24th day of January, 1908, by which the defendant bargained and sold to plaintiff certain blocks for $6,900, of which he has paid $1,530; that the defendant, by the terms of the contract, undertook to expend twenty-five per cent. of the moneys paid in by him, as fast as

it was received, in surface grading and laying sewer pipe in front of the property and in building a four-foot cement sidewalk along the street line of the property; and that defendant has failed to make such improvements, to his damage in the sum of $2,530; and asked for judgment for that amount.

The defendant, David Laser, answering, admitted the execution of the contract as alleged by the plaintiff, and that plaintiff made payments as alleged, except that $340 was paid by note, which is past due and wholly unpaid; and denied that he or his codefendant, Ed L. Wheeler, has failed and refused to comply with their agreement to surface grade and lay sewer pipe in front of the property, or failed or refused to do any part of such work or expend any part of the $1,500 in compliance with their contract; and alleged that plaintiff is now owing to the defendant the sum of $1,700 on account of a part of the purchase money, for which the blocks were sold, remaining unpaid, and asked for judgment against plaintiff for that amount.

Much evidence was adduced in the trial of the issues in this action, and improvements were shown to have been made by the defendants in the vicinity of the blocks sold to the plaintiff.

The court instructed the jury, in part, over the objection of the defendant, as follows: "The court instructs the jury that the obligations of the contract sued on are mutual; and if the defendant Laser has failed to comply with the obligations imposed on him by said contract, then the plaintiff had a right to refuse to make further payments and to rescind said contract and recover from defendant any amount paid by him to defendant under said contract."

And the court refused to instruct the jury, at the request of the defendant, as follows:

"You are further instructed that if you find from the evidence that the defendant in this cause entered into a written contract with the plaintiff whereby he agreed to expend 25 per cent. of the moneys by him received from the sale of the property in the Central Park Addition, the property in controversy, and has failed to perform his part of the contract by such expenditure of the money, then plaintiff will be entitled to recover against the defendant for the breach of contract on the part of the defendant.

"The jury are further instructed that, if you find in favor of the plaintiff and against the defendant according to the above instruction, then the amount of recovery that the plaintiff would be entitled to against the defendant in this case would be such sum as you might find, from the evidence in this case, the plaintiff, as owner of the property purchased from the defendant, has been damaged by reason of said breach of the contract on the part of the defendant."

The jury returned a verdict in favor of the plaintiff for $1,530, the amount paid by him for the blocks; and the court rendered judgment for that amount against the defendant, and he appealed.

This action was brought to recover damages occasioned by an alleged breach of contract and not to rescind. The question in the case was, what damages had the plaintiff suffered? He is not entitled to recover the money paid for the blocks purchased by him and to hold the blocks. The blocks were not shown to be worthless, and the damages were not shown to be $1,530, or any approximate amount. The plaintiff did not ask to rescind. The instruction given and copied in this opinion should not have been given, and the instructions refused should have been given.

Reverse and remand for a new trial.